UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VELIA REYES AND GUADALUPE LOPEZ,

        Plaintiffs,

vs.                                  No. 1:14-CV-990-LAM/WPL

ALBUQUERQUE COUNTRY CLUB and
LEO MALDONADO,

        Defendants.

### DEFENDANT LEO MALDONADO'S MEMORANDUM
### IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant Leo Maldonado, by and through his attorney of record, J. Edward Hollington, J. Edward Hollington & Associates, and files this Memorandum brief in support of his Motion to Dismiss pursuant to Fed. R. Civ. P. 12[b][6], and in support states:

### I
### INTRODUCTION

Plaintiffs, Velia Reyes and Guadalupe Lopez [Reyes/Lopez]'s complaint at Count III, contains claims of assault and intentional infliction of emotional distress [IIED] a/k/a outrage against Leo Maldonado [Mr. Maldonado]. The tort of assault requires there be an act, threat, or menacing conduct which causes a person to reasonably believe that he or she is in danger of receiving an immediate battery. *Baca v Velez*, 1992-NMCA-53, 114 N.M. 13, 15. Reyes/Lopez's complaint does not include any allegation of conduct or statements by Defendant Leo Maldonado that caused them to be in fear of receiving an immediate battery. [1]

---

[1] Plaintiffs' counsel in response to request for concurrence has indicated they will dismiss their claim of assault but not IIED.

Intentional infliction of emotional distress [IIED] exists when one engages in outrageous conduct and intentionally or recklessly causes severe emotional distress to another. There must be a causal connection between a defendant's extreme and outrageous conduct and the claimant's severe emotional distress. *Baldonado v El Paso Natural Gas Company*, 2008-NMSC-005, ¶26, 143 N.M. 288. Extreme and outrageous conduct for IIED is conduct that is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. *Silverman v Progressive Broadcasting, Inc.,* 1998-NMCA-107, ¶32, 125 N.M. 500, 509. The alleged conduct and statements alleged against Mr. Maldonado of making sexual or romantic comments, lifting up his apron and trying to force Reyes to go on a date, does not state a claim of IIED because those actions do not rise to the level of extreme and outrageous conduct. Reyes and Lopez include no allegation in their complaint [Count III] that Mr. Maldonado's conduct or actions caused them severe emotional distress. Conduct that is insulting, causes indignities, threats, and conduct that is annoying does not constitute extreme or outrageous conduct. *Bhandari v VHA Sw Community Health,* 2011 U.S. Dist. Lexis 37700 [D.N.M. March 30, 2011]

Reyes/Lopez's Count III does not satisfy the plausibility pleading standard required by *Ashcroft v Iqbal,* 556 U.S. 662 for stating claims against Mr. Maldonado.

## II
## NEW MEXICO LAW REGARDING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS [IIED]

The New Mexico Supreme Court has adopted the restatement [second] for intentional infliction of emotional distress. [See *Baldonado v El Paso Natural Gas Company*, 2008-NMSC-005, ¶26, 176 P3d 277, 283, 143 N.M. 288.] The restatement [second] provides that intentional infliction of emotional distress [IIED] exits when:

1. One, who by extreme and outrageous conduct, intentionally or recklessly causes severe emotional distress to another; and

2. There is a causal connection between the defendant's extreme and outrageous conduct and a claimant's severe emotional distress.

Extreme and outrageous conduct is described as conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. *Silverman v Progressive Broadcasting, Inc.,* 1998-NMCA-107, ¶32, 125 N.M. 500, 509. Severe emotional distress means a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by their circumstances. *Id.*, ¶33. Improper treatment in the workplace does not constitute severe emotional distress as contemplated under the tort of IIED. *Id.* Conduct that is insulting, causes indignities, threats, and conduct that is annoying does not constitute extreme or outrageous conduct. *Bhandari v VHA Sw Community Health,* 2011 U.S. Dist. Lexis 37700, p185-186, civ 09-0932 JB/JBW [March 30, 2011] citing *Trujillo v Northern Rio Arriba Electric Cooperative*, 2002-NMSC-004, 131 N.M. 607. Physical and emotional reactions such as wanting to vomit, having nightmares, loss of sleep, seeking medical attention, taking some sample medications, being prevented from providing care for children for a month because of feeling tired and emotionally distracted, do not meet the standard of "extreme and severe" emotional distress. *EEOC v University of Phoenix,* 505 F.Supp.2d 1045, 1062-1063 [D.N.M. 2007] Abusive and inappropriate conduct in the workplace that causes an unpleasant working condition do not necessarily meet the standard of extreme and outrageous conduct. *DeFlora v Danka Corp.*, 1 Fed. Appx. 807 [10th Cir. 2001] unpublished.

None of the conduct or statements Reyes/Lopez allege against Leo Maldonado amount to extreme and outrageous conduct and their complaint fails to allege any extreme and severe emotional distress.

### III
### NEW MEXICO LAW REGARDING TORT OF ASSAULT

For there to be an assault actionable under New Mexico law, there must be an act, threat or menacing conduct, which causes a person to reasonably believe that he/she is in danger of receiving an immediate battery. *Baca v Velez*, 1992-NMCA-53, 114 N.M. 13, 15. Where there is no evidence a plaintiff felt scared of an immediate battery, then there is no basis for assault. *Heimann v Snead*, 1998 U.S. App. Lexis 7616, *18-19 [10th Cir. 1998].

A **Plaintiffs' allegations regarding assault and IIED**

Plaintiffs, Velia Reyes and Guadalupe Lopez [Reyes/Lopez], allege that Leo Maldonado made comments of sexual or romantic nature, pulled up his apron to show sexual arousal, discussed sexual fantasies with them, and tried to force Reyes to go on a date. Leo Maldonado denies those allegations; but for the purposes of this 12[b][6] motion, those assertions are deemed true. Reyes/Lopez claim Leo Maldonado's actions and statements made them feel "uncomfortable" and Reyes says she suffered emotional distress when he tried to force her to go on a date with him.[2]

Reyes/Lopez also make broad, unspecified claims that Leo Maldonado made unwanted sexual advances and engaged in other "unwanted verbal or physical conduct of a sexual nature." They also allege the unwelcomed sexual harassment created an intimidating, oppressive, hostile and offensive working environment which interfered with Reyes/Lopez's emotional and physical well-being.[3]

---

[2] See ¶¶15, 16 and 31 of Reyes/Lopez's Complaint, pp3 and 6 [Doc 1].
[3] *Id.*, ¶¶35 and 42.

4

Reyes/Lopez's claims against Leo Maldonado at Count III of their Complaint do not state plausible claims of assault or IIED.

## IV
## LAW REGARDING RULE 12[b][6]

Rule 12[b][6] authorizes this court to dismiss a complaint for failure to state a claim upon which relief can be granted. [Fed. R. Civ. P. 12[b][6]]  The nature of a Rule 12[b][6] motion is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations to be true. *Mobley v McCormick*, 40 F.3d 337, 340 [10th Cir. 1994].  The sufficiency of a complaint is a question of law.  For the purposes of resolving a 12[b][6] motion, courts accept as true all well-pleaded factual allegations in a complaint and view those allegations in the light most favorable to the plaintiff.  *Moore v Guthrie*, 438 F3d 1036, 1039 [10th Cir.].

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v Iqbal,* 556 U.S. 662, 678 [2009] citing *Bell Atl. Corp v Twombly*, 550 U.S. 544, 555 [2007].  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. *Ashcroft v Iqbal,* 556 U.S. at 678.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true. *Bell Atl. Corp v Twombly*, 550 U.S. at 555.

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that if assumed to be true, state a claim to relief that is plausible on its face.  [See *Bell Atl. Corp v Twombly*, 550 U.S. at 570 and *Miak v Knox*, 613 F3d 995, 1000 [10th Cir. 2010].]  Plausibility in the context of a 12[b][6] analysis refers to the scope of the allegations in a complaint.  If those allegations are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.

Allegations must be enough that, if assumed to be true, the plaintiff plausibly; not just speculatively, has a claim for relief.  *Robbins v Oklahoma Department of Human Services*, 519 F3d 1242, 1247, quoting *Bell Atl. Corp v Twombly*, 550 U.S. at 570.

## V
## PLAINTIFFS' CLAIMS OF ASSAULT AND IIED AGAINST DEFENDANT MALDONADO DO NOT SATISFY THE *IQBAL/TWOMBLY* PLAUSIBILITY PLEADING STANDARD

A  Assault

Reyes/Lopez's complaint contains no allegation of any act, statement or conduct on the part of Mr. Maldonado that caused either Plaintiff to reasonably believe that they were in danger of receiving an immediate battery.  *Baca v Velez*, 1992-NMSC-53, 114 N.M. 13, 15.  Merely using the word assault and not explaining what a defendant allegedly did is insufficient to state a claim for the tort of assault.  *Gee v Pacheco*, 627 F.3d 1178, 1193 [10th Cir. 2010]   There is no factual assertion that either Reyes or Lopez felt scared of an immediate battery based on anything said or done by Leo Maldonado.  [*Heimann v Snead*, 1998 U.S. App. Lexis 7616, *18-19 [10th Cir. 1998].

Other than the word "assault" appearing in paragraph 55 of Reyes/Lopez's complaint, the complaint lacks any factual allegations to state a claim of the tort of assault against Leo Maldonado.

B  IIED

Reyes/Lopez's complaint does not contain sufficient factual allegations to plausibly establish an IIED claim against Leo Maldonado.  They make no claim that any statement or conduct of Mr. Maldonado caused extreme emotional distress, an essential element of that claim.  *Trujillo v Northern Rio Arriba Electric Cooperative*, 2002-NMSC-004, 131 N.M. 607, 616-617.  The statements and conduct they allege against Mr. Maldonado about comments of a sexual romantic nature, trying to force Reyes to go on a date, and the allegation and conduct involving

6

raising his apron, do not constitute allegations of extreme and outrageous conduct. *Id*. Insults, indignities, threats, and allegations of discrimination are not a sufficient basis for the claim of IIED based on extreme and outrageous conduct. *Bhandari v VHA Sw Community Health,* 2011 U.S. Dist. Lexis 37700, p185-186 CIV 09-0932 JB/JBW [March 30, 2011], *DeFlora v Danka Corp.*, 1 Fed. Appx. 807 [10th Cir. 2001] unpublished, and *Dunton v United International Brotherhood of Boilermakers Local 29*, 653 F.Supp 55, 62 [D. Mass. 1986]

Conclusory statements of unwelcomed sexual harassment creating an intimidating, oppressive, hostile and offensive work environment, that interfere with Plaintiffs' emotional well-being do not state a plausible claim of IIED against Mr. Maldonado. *Salazar v City of Albuquerque*, 2013 U.S. Dist. Lexis 128341, civ 10-0645 JB/ACT [D.N.M. August 20, 2013] p22 [granting a 12[b][6] motion on IIED claim because the complaint consisted of threadbare recitals of elements of cause of action only supported by mere conclusory statements.]

Reyes/Lopez's Count III does not state claims under the *Iqbal/Twombly* plausibility standard against Leo Maldonado of assault or IIED.

## VI
## CONCLUSION

Reyes/Lopez's complaint does not state a claim of assault and/or IIED against Mr. Maldonado and he respectfully request the Court to grant his Motion to Dismiss.

    Respectfully submitted,

    J. EDWARD HOLLINGTON & ASSOCIATES, PC

    */s/ J. Edward Hollington*
    J. Edward Hollington
    Attorney for Defendant Leo Maldonado
    708 Marquette Avenue N.W.
    Albuquerque, NM 87102-2035
    (505) 843-9171; (505) 843-7027 fax
    edward708@aol.com

I HEREBY CERTIFY that on the 16th day of February, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*Attorney for Plaintiffs*
Nancy L. Simmons
Law Offices of Nancy L. Simmons, PC
120 Girard Blvd., SE
Albuquerque, NM 87106
nlsstaff@swcp.com

*Attorneys for Defendant Albuquerque Country Club*
Robert P. Tinnin, Jr.
Stanley K. Kotovsky, Jr.
Tinnin Law Firm
500 Marquette NW, Suite 1300
Albuquerque, NM 87102
rtinnin@tinninlawfirm.com
skotovsky@tinninlawfirm.com

*/s/ J. Edward Hollington*
J. Edward Hollington
Attorney for Defendant Leo Maldonado